### BYRNES v. McNEVIN.

(Supreme Court, Appellate Term. November 24, 1908.)

LANDLORD AND TENANT (§ 152\*)—AGREEMENT TO REPAIR—BREACH—TENANT'S RIGHT TO RECOVER.

    Defendant having agreed to repair premises if plaintiff would take a lease, and plaintiff having refused to take one though he moved in, plaintiff cannot recover for defendant's refusal to repair.

    [Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 152.\*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Patrick J. Byrnes against James McNevin. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

John A. Anderson, for appellant.
John M. Ward, for respondent.

PER CURIAM. This action was brought on oral pleadings to recover damages for breach of contract. It appears that in June, 1907, plaintiff orally agreed to lease, and the defendant to let, certain premises for a period of three years, to commence on the 1st of July following, and the defendant said he would fix the place if the plaintiff took the lease. Tenants were in possession at the time of this preliminary conversation as they were on the first, even the middle of July when the plaintiff moved in, apparently upon invitation, as he testified, that the defendant said to him, "You come over, and I will get the place fixed when you move in here," after the plaintiff had said, "I will not move in here until you fix this house." The plaintiff never signed the lease and refused so to do, even after he had moved into the premises, and he moved in when he saw others in possession and before the repairs had been made that he claims were promised to be made. There is no evidence of the existence of an enforceable agreement to repair before the execution of the lease. The evidence is that the defendant would fix the place if the plaintiff took the lease. Refusing to take the lease the plaintiff shows no legal claim to damage for the breach of a collateral agreement, and, proving no such agreement, was not entitled to judgment for damage.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.